FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk (SBN 109234)
Mark L. Knutson (SBN131770)
William R. Restis (SBN 246823)
501 West Broadway, Suite 1250
San Diego, CA 92101-3593
Tel:    619/238-1333
Fax:   619/238-5425

Attorneys for Plaintiff
and the Putative Class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMMY SCHERER, individually and on behalf of all others similarly situated, | Case No. 11-cv-00532-H-Rbb |
| Plaintiff, | FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SONG-BEVERLY CREDIT CARD ACT OF 1971 |
| v. | |
| TIFFANY AND COMPANY, a New York Corporation, | Assigned for all purposes to the Honorable Marilyn Huff |
| Defendant. | |

*SCHERER ET AL V. TIFFANY AND COMPANY*

Plaintiff, Timmy Scherer ("Scherer" or "Plaintiff"), by and through his attorneys of record herein, bring this action, individually, and on behalf of all others similarly situated, the allegations of which are based upon Plaintiff's personal experiences and knowledge and the investigation conducted by his counsel.

## I. INTRODUCTION

1. Defendant Tiffany and Company ("Tiffany & Co." or "Defendant") operates multiple retail stores throughout California under the trade name "Tiffany & Co."), and is engaging in a pattern of unlawful business practices by requesting and recording personal identification information from customers using credit cards at the point-of-sale in violation of California law.

2. More specifically, within one (1) year from the commencement of this action, Plaintiff visited one of Defendant's California "Tiffany & Co." stores and selected item(s) for purchase. Plaintiff then paid the cashier for these items with a credit card. Upon presentation of the credit card for purposes of consummating the purchase transaction, the cashiers asked Plaintiff for his "ZIP code" and, believing he was required to provide the requested information to complete the transaction, Plaintiff duly provided it, reasonably believing that it was necessary for processing the transaction.[1]

3. The cashiers inputted Plaintiff's ZIP code into the electronic cash register and then completed the purchase transaction. As a result of this transaction, Defendant Tiffany & Co. had Plaintiff's credit card number, name, and ZIP code recorded in its electronic database and thus available to it for future use in developing customer service lists for sale/direct marketing purposes.

4. Defendant Tiffany & Co. thereafter applied a sophisticated computer software program, and/or third party vendor software application, to perform reverse searches from publicly accessible and privately (for-fee) databases containing millions of consumer names, e-mail addresses, telephone numbers, and street addresses, and that are indexed in a manner resembling a

---

[1] "ZIP" is an acronym that stands for "Zone Improvement Plan" according to the United States Postal Service. *See, e.g.*, U.S.P.S., 600 Basic Mailing Standards for All Mailing Services, Subchapter 602 (Addressing), subtopic 1.8.1 (Purpose of ZIP Code), publicly viewable at http://pe.usps.com/text/dmm300/602.htm.

reverse telephone book. These software programs/applications matched Plaintiff's name and ZIP code with Plaintiff's previously undisclosed address, giving Defendant Tiffany & Co. the information, which it now maintains in its own database. Tiffany & Co. previously used, and currently uses, its database to market products to customers and may also sell the information it has compiled to other businesses.

5. These actions and business practices undertaken by Tiffany & Co. flagrantly violated (and continue to violate) California's Song-Beverly Credit Card Act of 1971 [CAL. CIVIL CODE § 1747, *et seq.*] which provides, in pertinent part:

(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do either of the following:

(2) *Request*, or require as a condition to accepting the credit card as payment in full or in part for goods or services, *the cardholder to provide personal identification information*, which the person, firm, partnership, association or corporation accepting the credit card writes, causes to be written, or *otherwise records* upon the credit card transaction form or otherwise.

(b) For purposes of this section, "personal identification information," means information concerning the cardholder, *other than information set forth on the credit card*, and including, *but not limited to*, the cardholder's address and telephone number.

CAL. CIVIL CODE § 1747.08(a) and (b) (emphasis added).

## II. JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant, because it committed many of the wrongs complained of herein within California, it has several physical facilities in California, does extensive business in California, has sufficient minimum contracts with California, and otherwise intentionally avails itself of the markets in California through the promotion, marketing, sale, and distribution of goods, and services in California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

7. This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d).

Case 3:11-cv-00532-H-RBB   Document 13   Filed 06/21/11   Page 4 of 9

*SCHERER ET AL V. TIFFANY AND COMPANY*

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (c) because many of the acts and transactions giving rise to the violations of law complained of herein occurred in this district and because Defendant:

(a) conducts business itself or through agent(s) in this district, by providing services to Class members located in this District; and/or

(b) is licenced or registered in this district; and/or

(c) otherwise has sufficient contacts with this District to justify Defendant being fairly brought into court in this District.

**III.   PARTIES TO THE ACTION**

9. At all times relevant to this Complaint, Plaintiff Timmy Scherer was a natural person residing in San Diego, California. Plaintiff is a Bank of America credit card holder who on or about December 31, 2010, was requested and/or required to provide his personal identification information in the course of a credit card transaction at Defendant a Tiffany & Co. retail store in San Diego County located at 7007 Friars Rd, San Diego, CA , San Diego, California, 92108.

10. Defendant Tiffany & Co. is a New York corporation, with its principal place of business at 727 Fifth Ave, New York, New York, 10022, and conducts business in San Diego County and throughout California. Defendant Tiffany & Co. is a national retailer that sells high end jewelry.

**IV.   STATEMENT OF FACTS**

11. The Song-Beverly Credit Card Act of 1971 appearing at CAL. CIVIL CODE §1747.08, provides in pertinent part, as follows:

> (a)  . . . no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:
>
> > (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written or otherwise records upon the credit card transaction form or otherwise.

\* \* \*

FIRST AMENDED CLASS ACTION COMPLAINT                                       PAGE 3
                                                                          11-cv-00532

(b) For purposes of this statute, the term "personal identification information" refers to information concerning the cardholder, other than information set forth on the credit card and including, but not limited to the cardholder's address and telephone number."

CAL. CIVIL CODE § 1747.08(a)(2), (b).

12. Plaintiff visited a store owned and/or operated by Tiffany & Co. in California and made consumer purchases by credit card. At the time of purchase, pursuant to Defendant's policy and/or pervasive employee conduct, Defendant's employee requested Plaintiff's ZIP code without informing Plaintiff of his legal right to refuse to provide his ZIP code number. Plaintiff, reasonably believing he was required to provide his ZIP code number to complete the credit card transaction, provided said information.

13. Defendant's employees then recorded Plaintiff's ZIP codes into the same electronic cash register that previously recorded Plaintiffs' credit card numbers.

14. Defendant then uses the ZIP code collected to make unsolicited marketing mailings to its customers in an effort to market its business and promote future sales.

## V. CLASS ACTION ALLEGATIONS

15. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of the class of similarly situated consumers.

16. The class which Plaintiff seeks to represent is defined as:

> All natural persons residing in California as of February 15, 2011, from whom Tiffany & Company California retail stores requested and recorded address information in conjunction with purchase transactions using a credit card issued for personal use (the "CLASS").

Excluded from the CLASS are those consumers that had their address information requested and recorded by Tiffany & Company while using a credit card issued for business purposes (*i.e.,* a business credit card). Also excluded from the CLASS are Defendants and their directors, officers and employees, and any judicial officer assigned to hear any aspect of this litigation and any spouse of such judicial officer.

17. <u>Numerosity</u>: The CLASS is so numerous that joinder of them all in one action would be impractical. The members of the Class are so numerous that joinder of all member is

1  impracticable. This disposition of their claims through this class action will benefit both the parties and this Court. While the exact number of Class members is unknown to plaintiffs at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

18.  Typicality: The claim of Plaintiff is typical of the claim of the other members of the CLASS. Like other class members, Plaintiff was requested and/or compelled to provide personal identification information, *i.e.*, ZIP code numbers, during consumer credit card transactions, were exposed to virtually identical conduct and are entitled to statutory relief in amounts of up to one thousand dollars ($1,000) per violation pursuant to CAL. CIVIL CODE § 1747.08(e).

19.  Common Questions of Fact and Law: There is a well defined community of interests in the questions of law and fact affecting the members of the CLASS and Defendant. Among the questions of law and fact common to the CLASS are:

   a. whether each member of the CLASS engaged in a credit card transaction with Defendant Tiffany & Co.;

   b. whether Defendant requested the members of the CLASS to provide personal identification information (ZIP code number) regarding the cardholder, and obtained and recorded such information during the credit card transaction;

   c. whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions, and the obtaining and recording the such information, constitutes a violation of CAL. CIVIL CODE § 1747.08; and

   d. whether Plaintiff and members of the CLASS were harmed by the Defendant's unlawful conduct as alleged herein and/or are entitled to recover statutory relief against Defendant.

20.  Adequacy of Representation: Plaintiff is an adequate representatives of the CLASS because he has no interests that are adverse to the absent members of the CLASS, and Plaintiff will fairly and adequately protect the interests of the CLASS he seeks to represent. Plaintiff will fairly,

1  adequately and vigorously represent and protect the interests of the CLASS and has no interests
2  antagonistic to the CLASS.  Also, the counsel selected by Plaintiff are qualified, experienced and
3  capable.

4  21. Superiority: A class action is superior to other available means for the fair and
5  efficient adjudication of this controversy since individual joinder of all members of the CLASS is
6  impracticable.  Class action treatment will permit a large number of similarly situated persons to
7  efficiently prosecute their common claims against defendant in a single forum, and without the
8  duplication of time and money that numerous individual actions would cause.

9  22. Here, the size of the individual damages suffered by each individual member of the
10 CLASS is likely too small to justify the burden of individual litigation, and an important public
11 interest will be served by dealing with this controversy as a class action.  Indeed, the expense and
12 burden of individual litigation also renders it procedurally impracticable for each member of the
13 CLASS to individually seek redress for the wrongs done to them.  Individual litigation would also
14 cause a greater cost to the Court, and create the possibility of inconsistent judgments.  Plaintiff
15 knows of no difficulties in the management of this action sufficient to preclude its maintenance as
16 a class action.

**FIRST CAUSE OF ACTION**

(Violation of CAL. CIVIL CODE §1747.08)

19 23. Plaintiff realleges and incorporates all of the allegations contained in paragraphs 1
20 through 22 of this Complaint, inclusive, as though fully set forth herein.

21 24. As set forth hereinabove, CAL. CIVIL CODE § 1747.08 expressly prohibits Tiffany &
22 Co. from (1) requesting the cardholder to provide personal identification information in connection
23 with a credit card transaction, and recording said information in conjunction with a credit card
24 transaction. Despite these prohibitions, Tiffany & Co. violate these provisions of CAL. CIVIL CODE
25 §1747.082(a), in its normal business practices.

26 25. Defendant accepts credit cards for the transaction of business.

26. During credit card transactions entered into at Defendant's stores on each and every day during the one-year period proceeding the filing of this class action Complaint, Defendant and maintained a policy whereby its cashiers both requested and recorded at the point-of-sale personal information (ZIP code numbers) from Plaintiff and other customers using credit cards to purchase goods or services at Defendant's retail establishments.

27. It is and was the routine business practice of Defendant to engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchase any product from any Defendant's stores in the State of California.

28. Plaintiff is a cardholder who is/was aggrieved by the business practices of Tiffany & Co. herein alleged. In accordance with CAL. CIVIL CODE § 1747.08(c), Plaintiff seeks all statutory relief authorized by California law on behalf of himself and all other cardholders similarly affected by the conduct of Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Tiffany & Co. as appropriate for the cause of action alleged, as follows:

1. An order certifying the CLASS, and appointing Plaintiff as the representative of the CLASS and appointing the law firm representing Plaintiff as counsel for the CLASS;

2. For an order awarding Plaintiff and each member of the Class the statutory relief to which they are entitled under CAL. CIVIL CODE § 1747.08(c);

3. For distribution of any monies recovered on behalf of the Class of similarly situated consumers or the general public where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

4. For an award of attorney fees as authorized by statute including, but not limited to, the provisions of CAL. CODE OF CIV. PROC. § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

5. For payment of costs of suit herein incurred;

7. For pre-judgment interest at the legal rate; and

*SCHERER ET AL V. TIFFANY AND COMPANY*

8. For such other and further relief as the Court may deem proper.

Dated: June 21, 2011  **FINKELSTEIN & KRINSK LLP**

By:___/s/ William Restis_____
    William R. Restis

Jeffrey R. Krinsk
Mark L. Knutson

501 West Broadway, Suite 1250
San Diego, California 92101-3579
Tel: 619/ 238-1333
Fax: 619/238-5425

Attorneys for Plaintiff
and the Putative Class