1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  TIMMY SCHERER, individually and on          CASE NO. 11-CV-0532-H (RBB)
    behalf of all others similarly situated,

12                                              **ORDER GRANTING**
                                Plaintiff,      **PRELIMINARY APPROVAL**
13          vs.                                 **OF CLASS SETTLEMENT AND**
                                                **PROVISIONAL CLASS**
14  TIFFANY AND COMPANY, and DOES               **CERTIFICATION**
    1-100, inclusive,
15

16                              Defendants.

17          On November 30, 2011, Plaintiff Timmy Scherer ("Plaintiff") filed a motion for

18  preliminary approval of class action settlement and provisional class certification under Rule

19  23 of the Federal Rules of Civil Procedure.  (Doc. No. 20.)  On December 5, 2011, Defendant

20  Tiffany and Company ("Defendant" or "Tiffany & Co.") filed a non opposition to Plaintiff's

21  motion.  (Doc. No. 22.)

22          The Court held a hearing on the matter on December 19, 2011.  Jeffrey R. Krinsk and

23  William Richard Restis appeared for Plaintiff, and Leo P. Norton appeared for Defendant.  The

24  Court reviewed the motion, including the Settlement Agreement and Release ("Settlement

25  Agreement").  The Court, for good cause shown, grants the motion for preliminary approval

26  of class action settlement.

27                              **Background**

28          Plaintiff commenced this action in San Diego Superior Court, <u>Scherer v. Tiffany and</u>

<u>Company</u>, Case No. 37-2011-00085886-CU-BT-CTL, on February 15, 2011.  On behalf of himself and a proposed class, Plaintiff claimed that Tiffany & Co. violated California's Song-Beverly Credit Card Act of 1971 (Cal. Civ. Code § 1747, *et seq.*).  Specifically, Plaintiff alleged that Tiffany & Co. engaged in a pattern of unlawful business practices by requesting and recording personal identification information from customers of their zip codes from those customers using credit cards at the point-of-sale.  Plaintiff sought preliminary and permanent injunctive relief barring Defendant from utilizing a policy that permits Defendant's cashiers to request or record personal information from customers using credit cards at the point-of-sale in Defendant's retail establishments.  Further, Plaintiff sought an award of civil penalties to which Plaintiff and class members are entitled under Cal. Civil Code § 1747.08(c) and distribution of monies recovered on behalf of the Class to prevent Defendant from retaining the benefit of its wrongful conduct.  Lastly, Plaintiff sought payment of costs and an award of attorney fees as authorized by statute.

On March 17, 2011, Defendants removed the case to this Court pursuant to the Class Action Fairness Act.  (Doc. No. 1.)  On September 23, 2011, the parties reached a proposed settlement, and the parties executed a Settlement Agreement over the next couple weeks, a copy of which is attached to Plaintiff's motion. (Doc. No. 20, Ex. 2.)  The proposed settlement includes the following Settlement Class Members:

> All persons, who between February 15, 2010 and December 19, 2011, used a credit card to make a purchase at a Tiffany & Co. store located in California and whose Personal Identification Information, including, but not limited to, postal address, was requested and recorded by Tiffany & Co. during such credit card purchase transaction (collectively "Class Members").

Under the proposed settlement, Tiffany & Co. will provide each Class Member an opportunity to receive either a Voucher for $10.00 off any merchandise purchase (no minimum purchase amount requirement) or a Voucher for three letters of machine engraving on authentic Tiffany & Co. merchandise on which engraving is possible at no charge (retail value of $15) ("Vouchers").  Tiffany & Co. must issue a Voucher for free machine engraving to Class

Members who otherwise submit a proper and timely Claim Form, but either (1) request both types of Vouchers, (2) fail to elect the type of Voucher desired, or (3) submit two claim forms that elect different types of Vouchers. For Class Members who elect to receive or receive the option for the engraving Voucher, they have the ability to receive a benefit under this Settlement without having to spend any out of pocket money. The Vouchers are valid for six (6) months after issuance, redeemable in California Tiffany & Co. Stores only (if the Class Member elects the machine engraving Voucher) or for in-store purchases of merchandise at California Tiffany & Co. Stores only (if the Class Member elects the $10 off Voucher), are transferable, and may be used on sale items, but may not be combined with any other merchandise certificate, or any promotional voucher or coupon, and are not redeemable for cash. The Vouchers are subject to other conditions set forth in the Settlement Agreement.

The parties agree that Defendant will provide the Class with notice of the proposal settlement through internet posting and U.S. mail notice. Notice through internet posting must start no later than forty-five (45) days after entry of this Order, and the Claims Administrator will set up the Settlement Website on the Internet which will post the Full Notice and Claim Form, which Class Members may submit electronically or by mail. The Settlement Website will be active for a period of ninety (90) consecutive calendar days. The Full Notice will be substantially similar to the form attached as Exhibit B to the Settlement Agreement. The Claim Form will be substantially similar to the form attached as Exhibit D to the Settlement Agreement.

Notice through U.S. Mail must start no later than forty-five (45) days after entry of this Order, and the Claims Administrator will send postcards containing the U.S. Mail Notice to each Class Member for whom Defendant has a facially valid postal address. The U.S. Mail Notice will be substantially similar to the form attached as Exhibit C to the Settlement Agreement.

Additionally, Defendant agrees to comply with California Civil Code section 1747.08. Lastly, Class Members have the opportunity to opt-out of receiving Defendant's marketing communications by changing the record Defendant maintains for Class Members such that it

1  notes that the customer will not receive future marketing communications, unless in the future,

2  the Class Member requests that Defendant resume marketing communications.

**Discussion**

3

4  **I. Rule 23 and Class Action Settlement**

5       The decision to approve or reject a settlement is committed to the sound discretion of

6  the trial court.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).  Deciding

7  whether to approve a proposed class action settlement is generally a two-step process.  At the

8  preliminary approval stage, the court "should make a preliminary determination that the

9  proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of

10 Rule 23(b)." Fed. Judicial Ctr., Manual for Complex Litigation, § 21.633 (4th ed.2004).  The

11 court then approves the form and manner of notice and sets a final fairness hearing, where it

12 will make a final determination on the fairness of the class settlement.  See id.

13      A court may approve a settlement that would bind class members only after a final

14 fairness hearing and finding that the settlement is fair, reasonable and adequate.  Fed. R. Civ.

15 Proc. 23(e)(2); see Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).  When

16 approving a settlement, a court must ensure that notice is made in a "reasonable manner to all

17 class members who would be bound by the proposal." Fed. R. Civ. Proc. 23(e)(1).  To make

18 the ultimate determination of whether a settlement is fair, reasonable and adequate requires

19 evaluating several factors, including:

20      strength of plaintiff's case; the risk, expense[,] complexity, and likely duration
        of further litigation; the risk of maintaining class action status throughout the
21      trial; the amount offered in settlement; the extent of discovery completed, and
22      the stage of the proceedings; the experience and views of counsel; the presence
        of a governmental participant; and the reaction of the class members to the
23      proposed settlement.
24

25 Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993).  Settlements that follow

26 sufficient discovery and genuine arms-length negotiation are presumed fair.  Nat'l Rural

27 Telcoms. Coop. v. Directv, Inc., 221 F.R.D. 523, 528 (C.D. Cal. 2004).

28 ///

- 4 -

After reviewing the complaint, the motion, and the Settlement Agreement, the Court concludes that:

(1)  The Settlement Agreement is fair, reasonable, and adequate;

(2)  The Full Notice, U.S. Mail Notice, and Claim Form (attached to the Settlement Agreement) comply with due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

(3)  The Class is so numerous that joinder of all Class Members is impracticable;

(4)  Plaintiff's claims are typical of the Class' claims;

(5)  There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and

(6)  Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court further ORDERS:

(1)  **Settlement Approval**.  The Settlement Agreement, including the Full Notice, U.S. Mail Notice, and Claim Form, attached to the Settlement Agreement as Exhibits B-D are preliminarily approved.

(2)  **Provision of Class Notice**.  Defendant Tiffany & Co. will notify Class Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement and will pay all costs associated with claims administration and providing notice to class members pursuant to Section 2.6 of the Settlement Agreement.

(3)  **Claim for Vouchers**.  Class Members who want to receive a Voucher under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator no later than one-hundred-and-thirty-five (135) calendar days after entry of this Preliminary Approval Order.

///

///

(4) **Objection to Settlement**.  Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Tiffany & Co.'s Counsel, and must file such objection with the Court, no later than one hundred and twenty (120) calendar days from when the Court enters this Preliminary Approval Order.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include: (a) the name of the Action, "Scherer v. Tiffany and Company"; (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).  Any Class Member who files and serves a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement.  Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must also deliver to Class Counsel and Tiffany & Co.'s Counsel, and file with the Court, no later than one hundred and twenty (120) calendar days from when the Court enters this Order, a Notice of Intention to Appear.  Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing.  The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

(5) **Failure to Object to Settlement**.  Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

(6) **Requesting Exclusion**.  Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating: (a) the name of the Action, "Scherer v. Tiffany and Company"; (b) the full name, address, and telephone

number of the person requesting exclusion; and (c) a statement that he or she does not wish to participate in the settlement, postmarked no later than one hundred and twenty (120) calendar days from when the Court enters this Order.

(7) **Provisional Certification**.  The Class is provisionally certified as a class of all persons, who between February 15, 2010 and December 19, 2011, used a credit card to make a purchase at a Tiffany & Co. store located in California and whose Personal Identification Information, including, but not limited to, postal address, was requested and recorded by Tiffany & Co. during such credit card purchase transaction.

(8) **Appointment of Class Representative and Class Counsel**.  Plaintiff Timmy Scherer is conditionally certified as the Class Representative to implement the Parties' settlement in accordance with the Settlement Agreement.  The law firm of Finkelstein and Krinsk, through Jeffrey R Krinsk, Esq. are appointed as Class Counsel.  Plaintiff and Finkelstein and Krinsk must fairly and adequately protect the Class' interests.

(9) **Termination**.  If the Settlement Agreement terminates for any reason, the following will occur:  (a) Class certification will be automatically vacated; (b) Plaintiff will stop functioning as Class representative; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement.  This Order will not waive or otherwise impact the Parties' rights or arguments.

(10) **No Admissions**.  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any party.

(11) **Stay of Dates and Deadlines**.  All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

(12) **Fairness Hearing**.  On May 21, 2012, at 10:30 a.m., this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  All papers supporting Plaintiff's request for attorneys' fees and costs must be filed no later than fourteen (14) calendar days before the deadline for Class Members to object to the settlement.  All other papers supporting Final Approval of the

1   Settlement Agreement, must be filed no later than seven (7) calendar days before the Fairness

2   Hearing.  This Court may order the Fairness Hearing to be postponed, adjourned, or continued.

3   If that occurs, Tiffany & Co. will not be required to provide additional notice to class

4   members.

5          **IT IS SO ORDERED.**

6   DATED:  December 19, 2011

7                                                          _____

8                                                          MARILYN L. HUFF, District Judge
                                                           UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28